UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RICHARD MANSFIELD *et al.*,

    Appellants,

vs.

STEVEN WAYNE BASTROM

    Appellee.

Case No. C05-845L

ORDER GRANTING APPELLANTS' MOTION TO REMAND TO BANKRUPTCY COURT AND DENYING APPELLANTS' MOTION TO CONSOLIDATE

## I. Introduction

This matter comes before the Court on appellants' "Motion to Consolidate and Remand to Bankruptcy Court" (Dkt. # 5). After consideration of the parties' submissions, and for the reasons set forth below, the Court grants appellants' motion with respect to remand, but denies the same with respect to consolidation.

## II. Background

This controversy arises out of appellants' appeal of Bankruptcy Judge Steiner's order denying their motion for relief from automatic stay. *Inter alia*, Judge Steiner based his order on 11 U.S.C. § 523(a)(19)(B), which he determined required the existence of a prefiling judgment for securities violation, and on the balance of the hardships associated with lifting the automatic

ORDER GRANTING APPELLANTS' MOTION TO
REMAND TO BANKRUPTCY COURT AND DENYING
APPELLANTS' MOTION TO CONSOLIDATE - 1

stay to allow appellants to proceed with pending state court litigation against appellee. Judge Steiner considered the balance to weigh in favor of appellee in that he should not be made to proceed with and incur the expenses of defending state court proceedings when his obligations had been discharged.

Appellants now move for remand. They contend that Judge Steiner should be given an opportunity to reconsider his order in light of an intervening statutory amendment that modified the meaning of 11 U.S.C. § 523(a)(19)(B). This amendment, which has retroactive effect, eliminates the requirement of a prefiling judgment as condition precedent for invoking the § 523(a)(19)(B) exception to discharge. Appellee, for his part, counters that remand is inappropriate because he has been dismissed from the pending state court proceedings, rendering appellants' appeal moot. Appellee also argues that remand is wasteful based on the procedural posture of the dispute.

Appellants also move to consolidate the adversary proceeding filed under civil docket case No. C05-846L. This case was originally assigned to Judge Zilly, but was reassigned to this Court on June 29, 2005. See C05-846L (Dkt. # 10). The Court will address the motion to remand and the motion to consolidate in turn.

### III. Discussion

**A.  Motion to Remand**

    **1.  Standard of Review**

        **a.  Mootness**

As a general matter, federal courts lack the power to decide questions that cannot affect the rights of the litigants before them. DeFunis v. Odegaard, 416 U.S. 312, 316 (1974). Therefore, a case becomes moot if it no longer presents a live controversy (i.e., if the parties "lack a legally cognizable interest in the outcome"). Murphy v. Hunt, 455 U.S. 478, 481 (1982). Bankruptcy appeals, specifically, can become moot when the occurrence of intervening events renders it impossible for an appellate court to fashion effective relief. In re Focus Media, Inc.,

378 F.3d 916, 923 (9th Cir. 2004). Effective relief is a rather malleable term in that it does not merely contemplate the provision of the precise relief originally requested; instead, when presented with a mootness issue, "[t]he question [for the court] is whether there can be *any* effective relief." Northwest Environmental Defense Ctr. v. Gordon, 849 F.2d 1241, 1243-45 (9th Cir. 1988) (emphasis in original); In re Patullo, 271 F.3d 898, 901 (9th Cir. 2001) ( ". . . an appeal is not moot if the court can fashion *some* form of meaningful relief ") (emphasis in original). Consequently, if a practical and equitable solution is available, then an appeal is not moot. In re Filtercorp, Inc., 163 F.3d 570, 577 (9th Cir. 1998).

### b. Availability of Remand

Remand is permissible where a new law that is likely to influence the disposition of the motion has become effective after the initial consideration. Wyatt v. Terhune, 314 F.3d 1108, 1116 (9th Cir. 2003) (citing White Mountain Apache Tribe v. Arizona, 649 F.2d 1274, 1285-86 (9th Cir. 1981)). This rule seems all the more applicable where, as here, the new law is retroactive and was promulgated prior to the original disposition of the motion and without the knowledge of the court or the parties concerned.

### 2. Analysis

With the foregoing principles in mind, the Court turns to the specific facts of this case. As the party asserting the claim of mootness, appellee bears the "heavy burden" of establishing that there is no effective relief for the Court to provide. In re Pintlar Corp., 124 F.3d 1310, 1312 (9th Cir. 1997). In attempting to discharge this burden, appellee contends that the Bankruptcy Court would be unable to grant any effective relief to appellants due to the intervening dismissal of appellee from the pending state court litigation. However, due to the statutory amendment, it is conceivable that Judge Steiner will hold that the § 523(a)(19)(B) exception discharge is applicable and grant appellants' motion for relief from stay. This reversal would effectively permit appellants to pursue state court claims against appellee because he was dismissed from the state court action without prejudice. Therefore, there appears to be at least some potential

ORDER GRANTING APPELLANTS' MOTION TO
REMAND TO BANKRUPTCY COURT AND DENYING
APPELLANTS' MOTION TO CONSOLIDATE - 3

for effective relief.

The Court also disagrees with appellee that remand would be wasteful. While appellee's contentions regarding the standard of review for a motion for relief from automatic stay are accurate *per se*, Judge Steiner is much more familiar with the underlying facts and is in a better position to make an informed decision regarding the impact of the legislative amendments on this dispute. Consequently, the Court does not consider remand to be, as appellee suggests, "a useless act." Response at 3. Instead, Judge Steiner should be given an opportunity to reconsider his ruling based on the newly amended 11 U.S.C. § 523(a)(19)(B).

**B.    Motion to Consolidate**

Appellants also move to consolidate the adversary proceeding, C05-846L, and the present Chapter 7 proceeding. In light of the decision to remand the Chapter 7 proceeding to bankruptcy court, consolidation is inappropriate. Therefore, the Court will deny appellants' motion in this respect without further comment.

## IV. Conclusion

For all of the foregoing reasons, it is hereby ORDERED that appellants' "Motion to Consolidate and Remand to Bankruptcy Court" is granted in part and denied in part. The motion to remand is GRANTED, and the motion to consolidate is DENIED.

DATED this 27th day of July, 2005.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING APPELLANTS' MOTION TO
REMAND TO BANKRUPTCY COURT AND DENYING
APPELLANTS' MOTION TO CONSOLIDATE - 4